**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

Laurence C. Sarkozy               :

    Plaintiff                             :

        v.                                    :         Civil Action No. JFM-06-656

BALTIMORE COUNTY, et al        :

    Defendants                        ..o0o..

## MEMORANDUM

On March 13, 2006, plaintiff pro se Laurence C. Sarkozy filed this pleading captioned "Motion for Leave of Court to Stop Eviction of Plaintiff from Federally Subsidized Housing" in which he seeks to enjoin the Baltimore County Housing Office from evicting him for failure to pay rent and names Baltimore County, Maryland, the Baltimore County Police Department, the State of Maryland, the United States Homeland Security Agency[1], the United States Department of Justice, and Jane Doe as defendants.[2] Plaintiff has also filed for leave to proceed in forma pauperis and for appointment of counsel. Upon careful review of the pleadings, the court will grant the motion to proceed in forma pauperis, deny the motion for appointment of counsel as moot, and dismiss the complaint without prejudice.

I. Jurisdiction

This matter concerns a breach of contract action for failure to pay rent, a matter generally

---

[1] The court assumes plaintiff intends to name the United States Department of Homeland Security.

[2] Plaintiff's landlords, Shawn and Pamela Tibbo, are not named as party defendants.

raised before the state courts. [3] The complaint alleges neither a federal cause of action nor a basis for diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332. The parties are located in Maryland as is the rental property at issue. Consequently, no basis for federal jurisdiction is presented.

II. Standard of Review

Even if there were a basis presented here for federal jurisdiction, this claim would be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Federal district courts are required to screen complaints and dismiss any that are frivolous, malicious or fail to state a claim upon which relief may be granted. See 28 U.S.C. §1915(e)(2)(B). The liberal pleading requirements of Federal Rule of Civil Procedure 8(a) require only a "short and plain" statement of the claim. A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of the claim which entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In evaluating the claim, the court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969).

Additionally, where as here, plaintiff is pro se litigant, the court will accord the complaint construction, holding it to less stringent standard than that drafted by an attorney. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

III. Analysis

This motion reads in part: "The Plaintiff gives the following reasons for the motion: 1

---

[3] To the extent plaintiff may have any state claims, he may raise them in the appropriate state court.

Whoever stole money and items from plaintiff's apartment had a key.  2  The *landlord* may become a named defendant in plaintiff's formal complaint. 3. The plaintiff will pay his portion of the rent once probate court finds claims by heirs rightful." Paper No 1, Attachment. (Emphasis in original.). The complaint contains a litany of various causes of action, *inter alia*, invasion of privacy, unwarranted entry of plaintiff's home, entry of property (by unknown narcotics officer(s)) to search for drugs and weapons, unspecified "breaches to Plaintiff's civil rights", failure to provide safe housing, and violation of the Federal Torts Claims Act.[4]  Paper No. 1 at 2.  The complaint, however, presents no facts to support a claim cognizable in a federal court.

     Further, Plaintiff asks the court to enjoin "activities by police officers/government agents on plaintiff," and he requests the court obtain all records, including videotapes, maintained on him by the FBI, Department of Homeland Security, the CIA and the Baltimore County Police Department. Attachments accompanying the complaint also demonstrate that plaintiff believes his house mate is an undercover police operative and that someone has broken into his home, stolen his keys and shut down transmissions of e-mail to his psychiatrist in Brazil.   See Attachment-letter to Judge Norris Byrnes, Baltimore County.  Plaintiff contends that he may be under investigation by the FBI and the Department of Homeland Security because he is privy to information about September 11th and was acquainted with a victim of an airplane tragedy "who appeared in one of my dreams." See

---

[4]    The Federal Tort Claims Act (FTCA) provides that "the district courts... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act  or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.§ 1346(b). Plaintiff does not name any federal employees as defendants to this action. Further, the waiver of sovereign immunity provided by the FTCA excepts claims arising out of "interference with contract rights" 28 U.S.C. § 2680(h). As noted herein, plaintiff's claim sounds in contract. To the extent any allegations might be construed to raise tort claims, however, plaintiff must first exhaust administrative remedies. See McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff neither contends nor does the record show that available administrative remedies were exhausted prior to the filing of this complaint.

id. These assertions, some of which are lodged against named defendants, appear implausible or delusional. Under such circumstances, complaints may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). See Apple v. Glenn, 183 F.3d 477 (6th Cir. 1999); O'Connor v. United States, 159 F.R.D. 22 (D. Md. 1994); see also Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on own initiative).

III. Conclusion

    For the above reasons, the court will deny the complaint without prejudice by separate Order.

March 23, 2006                                          /s/
Date                                                        J. Frederick Motz
                                                                United States District Judge